IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTA ROLANDO HARRIS      *
    Petitioner
v.              *  CIVIL ACTION NO. WMN-07-189

UNITED STATES OF AMERICA   *
    Respondent.
               ***

**MEMORANDUM**

    Donta R. Harris ("Harris"), an inmate confined at the United States Penitentiary-Lee in Jonesville, Virginia, filed various documents received by the court on January 19, 2007, including an affidavit of notice of commercial lien, which holds him out as the "secured party/creditor." He apparently claims that he was tried, convicted, and sentenced to a fifty-year term for a crime[1] that was not a violation of any Act of Congress and that the United States cannot be party due to its status as a federal corporation. Paper No. 1. Harris also alleges that various documents sent to this court, *e.g.*, Bill of Lading, Notice of Expatriation, Judicial Notice, Commercial Affidavit of Truth, have not been rebutted, and that as the "secured party" he is entitled to the "immediate discharge" of his criminal case debt. *Id.* He further claims that he has filed a motion to withdraw his guilty plea and that as he is not a United States citizen, but is a "sovereign inhabitant of the Republic of Maryland," he is not subject to the Fourteenth Amendment of the U.S. Constitution. *Id.*

    Even after affording these documents a generous construction, the nature of the cause of action is indecipherable. Harris's nonsensical documents do not make out a claim under this Court's

---

[1] Harris is referencing *United States v. Harris*, Criminal No. WMN-02-0381 (D. Md.). After four days of a jury trial Harris was re-arraigned and entered guilty pleas to multiple counts of bank robbery and use and possession of a firearm in a crime of violence in violation of 18 U.S.C. § 2113 & 924(c). *Id.* He was sentenced to a total 50-year term on January 13, 2004. Harris's 28 U.S.C. § 2255 motion to vacate was denied by the undersigned on March 8, 2006. *Id.* at Paper Nos. 156 & 157.

federal question jurisdiction.² His cause of action shall be dismissed.³ A separate Order follows.

Date: January 30 , 2006

/s/
_____
William M. Nickerson
Senior United States District Judge

---

² At sentencing Harris was also directed to pay a special assessment of $1,300.00 and restitution in the amount of $169, 613.00. He seemingly claims that his debts have been discharged. Paper No. 1.

³ Neither the civil filing fee nor an in forma pauperis motion accompanied the document. This omission is of no moment as the case is subject to dismissal.